122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosa ROMERO-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-71018, Auo-ntx-gna.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 2
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Rosa Romero-Lopez, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the Immigration Judge's denial of her application for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 5
 Romero contends that substantial evidence does not support the BIA's determination that she failed to establish past persecution based on the revocation of Romero's food ration card by the Sandinista Defense Committee. This contention lacks merit.
 
 
 6
 We review factual findings underlying the BIA's asylum determination for substantial evidence and will uphold the BIA's denial of asylum "unless a reasonable factfinder would be compelled to find the petitioner eligible for the relief sought." Gomez-Saballos v. INS, 79 F.3d 912, 914 (9th Cir.1996) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).
 
 
 7
 To be eligible for asylum, an alien must demonstrate that she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We have defined persecution as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (citation and internal quotations omitted). "Eligibility for asylum may be based on past persecution alone." Acewicz, 984 F.2d at 1062 (citation omitted).
 
 
 8
 Here, Romero testified that after she refused to join the neighborhood Sandinista Defense Committee, the committee revoked her food ration card and she was forced to purchase food on the black market at a higher price. The revocation of Romero's food ration card is not sufficient to compel a finding that Romero suffered past persecution. See Saballo-Cortez v. INS, 761 F.2d 1259, 1263-64 (9th Cir.1985) (stating that the fact that alien was denied a food ration card which would have allowed him to pay less for his food did not establish persecution); Gutierrez-Centeno v. INS, 99 F.3d 1529, 1531 (9th Cir.1996) (denying petition for review as to asylum claim where one of alien's family members was imprisoned and another family member was killed by the Sandinistas, and the Sandinista Defense Committee reduced alien's food ration card and forced her to resign from her job); cf. Vallecillo-Castillo v. INS, No. 95-70020, 1997 WL 425485, at * 2-3 (9th Cir. July 30, 1997) (holding that alien established past persecution where Sandinistas imprisoned alien's family members, alien was harassed at his job for refusal to teach Sandinista doctrine, and the Sandinista Defense Committee threatened him, set his house on fire, stoned and vandalized his house, and took away food ration card).
 
 
 9
 We deny the petition for review because the evidence presented would not compel a reasonable factfinder to find the requisite past persecution on account of political opinion. age Gomez-Saballos, 79 F.3d at 914.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3